UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:07-cv-01400-SDM-MAP

MARK S. FRANKLIN, D.O.,

    Plaintiff,

v.

HARTFORD LIFE INSURANCE COMPANY,

    Defendant.

_____/

### DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Local Rule 3.01(d), Defendant moves for leave to file a five (5) page reply memorandum in support of its motion for summary judgment.

#### Memorandum of Law

Plaintiff's burden is to prove his inability to perform his occupation. In his opposition memorandum, he describes his "occupation" as "osteopathic family practice physician who was routinely required to perform osteopathic manipulation." Doc. 27, pg. 3. This is a new argument by Plaintiff, whose argument in his own dispositive motion described his "occupation" as simply "physician" or "family physician." Doc. 20, pg. 12, 17. Although Plaintiff's motion asserted that he utilized manipulation techniques and considered them important to his practice, *id.* at 18, he did not argue that such techniques were incorporated in the definition of his "occupation" for purposes of the disability policy. Basic fairness counsels in favor of allowing Defendant the opportunity to respond to Plaintiff's

argument concerning his occupation. A reply would show that Plaintiff's occupational definition is inconsistent with his employer's definition, and with the law of ERISA.

Plaintiff asserts that Defendant's description of his "extensive daily walking activities" is "belied" by surveillance video, which does not show him "walking extensively." Doc. 27, pg. 3. Defendant would show that Plaintiff has admitted (in a signed statement) taking *daily walks of 30 to 45 minutes in duration* during the time period in question.

Plaintiff attempts to minimize the significance of his volunteer teaching activities by claiming that "Defendant was aware" that he had "told the school that he would not be able to continue teaching because it was too physically demanding." Doc. 27, pg. 5. Defendant would show that there is no evidence that Plaintiff told the school any such thing, other than Plaintiff's claim to have done so -- a claim made by Plaintiff only after his teaching and other activities were revealed by investigative surveillance.

Contending that Defendant had "no interest in considering" the opinions of his treating physician (Dr. DiGiovanni), Plaintiff asserts that Defendant denied his claim "just 4 days" after its consulting physician (Dr. Bress) sent Dr. DiGiovanni a letter soliciting his comments. Doc. 27, pg. 5. Defendant's reply would show that Plaintiff's assertion is simply inaccurate. Plaintiff also asserts that Dr. Bress' disability evaluation was "odd" in view of his acknowledgment that "side effects of medications could be responsible for an impairment." Doc. 27, pg. 6. Defendant's reply would show that Dr. Bress was referring to the *theoretical* possibility of an impairment caused by medications, while specifically stating that there was no evidence of such an impairment in Plaintiff's case.

Conclusion

Defendant respectfully contends that a reply would assist the Court in evaluating the parties' arguments, as well as the Administrative Record. *See Providence v. Hartford Life and Acc. Ins. Co.*, 357 F. Supp.2d 1341, 1345 n.4 (M.D. Fla. 2005) (finding that defendant's reply in ERISA case "assisted the court in analyzing ... disputes between the parties as to what the administrative record showed").

**WHEREFORE**, the Court should permit Defendant to file a five (5) page reply memorandum in support of its motion for summary judgment.

Certificate of Counsel

Pursuant to Local Rule 3.01(g), I certify that undersigned counsel has conferred by telephone with Plaintiff's counsel, Gary Weisman, Esq., in a good faith effort to resolve the issues raised in this motion, but no agreement was reached.

s/. Jerel C. Dawson
William J. Gallwey, III, Esq./Fla. Bar. No. 199133
Jerel C. Dawson, Esq./Fla. Bar No. 0152390
SHUTTS & BOWEN LLP
201 S. Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: 305-347-7312/Fax: 305-347-7839
Attorneys for Defendant Hartford Life
wgallwey@shutts.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **29th** day of August, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Gary Weisman Esquire**, WINKLES LAW GROUP, P.A., 707 North Franklin Street, 2nd Floor, Tampa, FL 33602.

s/. Jerel C. Dawson
Of Counsel

MIADOCS 2982736 1