UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK S. FRANKLIN, D.O.,

      Plaintiff,

v.                                      CASE NO: 8:07-cv-1400-T-23MAP

HARTFORD LIFE INSURANCE COMPANY,

      Defendant.

_____/

# O R D E R

Following a January 13, 2009, judgment (Doc. 41) in his favor, the plaintiff moved "for entitlement to attorneys' fees and costs and a stay of proceedings for determination as to amount." (Doc. 43)   At the parties' request, a January 26, 2009, order (Doc. 44) stays this action pending resolution of the defendant's appeal.  The order denies the motion for fees without prejudice "to a renewed motion within fourteen days after resolution of the appeal." (Doc. 44)  On March 12, 2009, the Eleventh Circuit dismissed the defendant's appeal for lack of jurisdiction. (Doc. 45)

More than six months after dismissal of the appeal, the plaintiff submits a renewed motion (Doc. 46) for attorneys' fees and costs.  The defendant responds (Doc. 49) that the fees motion is untimely and moves (Doc. 50) to "Stay Proceedings Regarding Amount of Attorneys' Fees Claimed by Plaintiff Pending Determination of Whether Plaintiff's Motion for Attorneys' Fees Was Timely Filed" (Doc. 50).  A September 28, 2009, order (Doc. 51) directs the plaintiff to submit a single document that (1) responds to the defendant's motion to stay the determination of the amount fees and (2) addresses the timeliness of the fees motion.  The plaintiff responds (Doc. 52)

that the motion for fees and costs is timely under the parties' "Agreement Regarding Judgment and Attorneys' Fees" (Doc. 52-2) and that, even if the motion is untimely, counsel's neglect is excusable. With leave of court, the defendant responds (Doc. 55) in opposition to the fee motion.

Although the motion is untimely under the January 26, 2009, order, counsel's neglect appears excusable. A determination of "excusable neglect" requires consideration of "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brusnwick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395. The defendant suffers no appreciable prejudice from the delay, and the record reveals the parties' good faith attempt to resolve the fee issue without court intervention.

The plaintiff's motion (Doc. 46) is construed as a belated motion for entitlement to attorneys' fees and costs, and the motion is **GRANTED**. On or before **December 4, 2009**, the defendant may oppose the amount of fees and costs requested. If the defendant fails to respond, the motion for fees and costs will be granted as unopposed. The defendant's motion (Doc. 50) to stay is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on November 13, 2009.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**