UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK S. FRANKLIN, D.O.,

    Plaintiff,

v.                                CASE NO.: 8:07-CV-1400-T-23MAP

HARTFORD LIFE INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a disabled osteopathic physician, moves for attorney's fees and costs after this Court awarded him $85,055.38 and reinstatement of monthly disability insurance payments pursuant to a disability insurance policy issued by Defendant. *See* motion (doc. 46), response (docs. 49, 57), reply (doc. 66). The district judge referred this matter to me for report and recommendation. *See* doc. 58. After consideration, I recommend that the Plaintiff is awarded an attorneys' fee in the amount of $73,931.28 ($285/ hour x (324.26 hours reduced by 20%)) and costs in the amount of $350.00.

*Discussion*

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate.[1] This "lodestar" may then be adjusted

---

[1] In light of the parties' agreement regarding attorney's fees (doc. 52-1) and the district judge's Order granting Plaintiff's entitlement to attorney's fees and costs (Order, doc. 56), it is unnecessary to address entitlement here. Nonetheless, I note that in ERISA actions like this one the Court may in its discretion allow a reasonable attorney's fee and costs of the action to either party. *See* 29 U.S.C. § 1132(g). Considering the five factors relevant to a court's decision to award fees (1) the degree of the opposing party's culpability or bad faith; 2) the ability of the opposing party to satisfy an award of attorney's fees; 3) whether an award of attorney's fees

for the results obtained. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292-1303 (11th Cir. 1988). The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *Duckworth, supra,* 97 F.3d at 1396; *Norman, supra,* 83 F.3d at 1303. With respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman, supra,* 836 F.3d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The first step in the computation of the lodestar is determining the reasonable hourly rate. The Defendant challenges the hourly rates for Plaintiff's attorneys, D Frank Winkles, $500.00, and Claude H. Tison, Gary S. Weisman, David E. Harvey, and Adam S. Tanenbaum, all $350.00. As Defendant notes, Plaintiff's time records are unverified and unsupported by evidence proving reasonableness.

---

against the opposing party would deter other persons acting under similar circumstances; 4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and 5) the relative merits of the parties' position), I find that an award of attorneys' fees is appropriate here. *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344 (11th Cir. 2001) (setting forth five factors); *National Cos. Health Benefit Plan v. St. Joseph's Hosp., Inc.,* 929 F.2d 1558, 1575 (11th Cir. 1991) abrogated on other grounds, *Geissal v. Moore Medical Corp.*, 524 U.S. 74 (1998) (recognizing that "the deterrent value of an award of attorneys' fees is high" in ERISA cases because if the insurer "did not have to pay the appellees' attorneys' fees, it would only be liable for what it should have covered before this litigation commenced. With nothing to lose but their own litigation costs, other ERISA-plan sponsors might find it worthwhile to force underfinanced beneficiaries to sue them to gain their benefits or accept undervalued settlements").

Hence, this Court will assess the reasonableness of the hourly rates for this type of litigation, and reduce the award if appropriate.

### a. reasonable hourly rate[2]

Defendant asserts that the billing rates are excessive for this type of litigation, citing to a recent ERISA action in this district addressing the reasonableness of billing rates for Tampa. Winkles has practiced law for 37 years. Although his credentials are impressive, he has not presented evidence showing that his $500 rate is in line with prevailing market rates. In comparing Winkles' skill and expertise with the prevailing market rate for lawyers similar to Winkles having similar cases and issues, I find Winkles' rate excessive, and that the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation is $300. In *Engala v. Harbour Wood Nursing Center, Inc.*, 2009 WL 635777 (M.D. Fla. March 10, 2009) District Judge Susan C. Bucklew determined that the prevailing market rate in Florida for similar services by lawyers of reasonably comparable skills, experience, and reputation, was $300 for a lawyer with 15 years of experience. *See Norman, supra,* at 1304 (affirming district court's reliance on its own experience where fee counsels' affidavits were "barren of detailed bases or expert analyses" and attested only to the reasonableness of the requested fee with hardly a mention of prevailing market rates; court stated "this sort of affidavit might properly be characterized by a reviewing court as one given out of

---

[2] Although the Plaintiff construes this Court's Order dated November 13, 2009, to limit Defendant's objections to the *amount* of attorneys' fees, I find such an interpretation incorrect. In that Order, Judge Merryday determined that the Plaintiff's motion was a belated motion for entitlement to attorneys' fees and costs, and directed the Defendant to respond to the motion. In stating that the Defendant "may oppose the amount of fees and costs requested," the Order did not make a determination as to the reasonableness of the hourly rates charged by Plaintiffs' attorneys. *See* Order, doc. 56.

courtesy, but it provides little or no evidentiary support for an award).

Likewise, I find that Tison, with 40 years of litigation experience prior to his retirement in 2008, and a billing rate of $350, charged an excessive rate. Based on this Court's experience, I find that the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation is $300. As to Weisman, who has 10 years of experience and billed at an hourly rate of $350, I find that the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation is $275. As to Harvey, who has seven years of experience and billed at an hourly rate of $350, I find that the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation is $275. As to Tanenbaum, who has thirteen years of experience and billed at an hourly rate of $350, I find that the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation is $275.

Before moving on to the reasonable hours billed, however, it is imperative that I address the inadequacy of Plaintiff's billing records. Plaintiff seeks $120,51.00 in attorneys' fees, representing a total of 324.26 hours. The single time sheet submitted as proof of the attorneys' fees is wholly inadequate, mixing up the hours worked by all of the attorneys, and failing to separate out or total the fees incurred by individual attorneys. It is not this Court's duty to sift through the numerous entries on the ten page time sheet to determine the number of hours billed by each attorney. Courts facing similar dilemmas have decided that averaging the attorneys' rate is appropriate. *See Dzwonkowski v. Dzwonkowski*, 2008 WL 2163916, *18 (S.D. Ala. May 16,

2008) (court averaged rate of five attorneys due to insufficient documentation); *Western Surety Co. v. Bradford Electric Co., Inc.*, 483 F.Supp. 2d 1114, 1123 and n.10 (N.D. Ala. 2007) (averaging the hourly rates charged by counsel, where two attorneys billed at $200 per hour and a third at $185 per hour, because the attorneys improperly grouped their hours, creating difficulties in determining the reasonableness of all charges). Accordingly, averaging the rates that I found to reflect the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation, the award of attorney fees in this case will be calculated at the rate of $285 per hour. *Norman, supra,* 836 F.2d at 1303 (noting that where documentation is inadequate the district court traditionally has the power to make an award without the need of further pleadings or an evidentiary hearing and "no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account").

### b. reasonable hours billed

Moving to the next step in the lodestar analysis, I will determine what hours were reasonably expended on the litigation. The determination of reasonableness lies in the sound discretion of the trial court, and in calculating, the court should exclude excessive, unnecessary, and redundant hours, and also time spent litigating discrete and unsuccessful claims. *Hensley, supra,* 461 U.S. at 434; *Norman, supra,* 836 F.2d at 1301; *Duckworth, supra*, 97 F.3d at 1397. Fee applicants are required to exercise "billing judgment" and exclude these hours from their fee application. *ACLU of Ga. v. Barnes*, 168 F.3d 423 (11th Cir. 1999). "If the fee applications do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise

5

unnecessary." *Id.*

Defendant objects to the reasonableness of Plaintiff's hours worked on several grounds. First, Defendant asserts the time sheet utilizes "block billing," lumping together multiple activities in a single entry with no indication how much time was spent on each task. As Defendant notes, block billing makes judicial review unnecessarily difficult and warrants reduction of the number of hours claimed in the attorneys' fee motion. However, the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing. Even if tasks are intertwined, a thorough description of the activities performed clarifies, rather than obscures, the record. Carefully examining the time sheet, and the Defendant's specific objections, I find that some of the entries are sufficiently detailed while other entries are too vague for the Court to determine how time was spent. *See Bujanowski v. Kocontes,* 2009 WL 1564263 (M.D. Fla. February 2, 2009) (finding numerous instances of block billing and unacceptably vague descriptions of work performed, declining to "parse through both the time entries and the case history to match hours billed to specific tasks performed on motions and responses ... court will not do counsels' job of summarizing and presenting the information needed to assess the reasonableness of the hours claimed").

Defendant also objects to duplicative fees for attorney meetings. While some courts have disfavored multiple attorneys billing for inter-offices conferences, others have recognized the importance of such attorney meetings to coordinate work among multiple attorneys and to ensure the case moves forward smoothly. *See Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp. 2d 1301, 1316 (M.D. Fla. 2003) (quoting *National Ass'n of Concerned Veterans v. Sec'y of Defense,* 675 F.2d 1319, 1337 (D.C. Cir. 1982) ("time spent in

attorney conferences is generally compensable for each participant" since it is necessary for the attorneys to "spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner"). *But see Williams v. R.W. Cannon, Inc.*, 657 F.Supp2d 1302 (S.D. Fla. 2009) (finding it reasonable to include compensation for inter-office conferences in Plaintiff's fee award because such conferences were sporadic, reasonably necessary to ensure coordination of work among multiple attorneys, and when such conferences occurred, Plaintiff sought reimbursement for only one attorney at a time, not for each of attorneys in attendance at conference). Plaintiff's billing records contain 57 entries for "meetings" and "conferences" with another attorney and few explanations concerning the topic or purpose of them.[3]

Defendant also objects to the general vagueness of the Plaintiff's attorneys' time entries. First, Defendant objects to 10.6 hours to "review case file" and "research" on June 25-26, 2008, because the purpose of the research and review is not provided and the entry is too vague and generic for any assessment of its reasonableness. Next, Defendant objects to 7.25 hours to "review" and "research" regarding Defendant's summary judgment opposition on August 25-26,

---

[3] Only some "meetings" are billed by more than one attorney. *See* 9/21/07 entries by Tison and Winkles; 12/4/07 entries by Tison and Winkles; 4/22/08 entries by Tanenbaum and Weisman; 4/24/08 entries by Tanenbaum and Winkles; 6/25/08 entries by Harvey and Weisman; 7/11/08 entries by Harvey and Winkles; 7/15/08 entries by Harvey and Winkles; 7/24/08 entries by Harvey and Winkles; 7/28/08 entries by Harvey, Weisman, and Winkles; 8/20/08 entries by Weisman and Winkles; 8/21/08 entries by Harvey and Winkles; 9/10/08 entries by Harvey, Weisman, and Winkles; 10/20/08 entries by Harvey, Weisman, and Winkles; 11/7/08 entries by Harvey and Winkles; 11/18/08 entries by Harvey and Weisman; 11/26/08 entries by Harvey and Winkles; 12/11/08 entries by Weisman and Winkles; 12/30/08 entries by Harvey and Winkles; 12/31/08 entries by Harvey and Winkles; 1/19/09 entries by Weisman and Harvey; 1/22/09 entries by Harvey and Winkles; and 3/26/09 entries by Harvey and Winkles. Looking at the entries for all "meetings" and "conferences," I find that most fail to provide any information about the topic of or reason for the meeting or conference.

2008, asserting that the local rules of this Court disallow reply memoranda and the time spent researching and reviewing the Defendant's opposition was therefore excessive. Third, Defendant asserts that the October 20, 2008, entry for 3.25 hours for reviewing the report and recommendation and for unspecified research and a meeting are too vague. Fourth, Defendant argues that the final entry on July 28, 2009, for 2.0 hours for review of file and preparation of hours is "unclear" and "plainly excessive." Finally, Defendant argues that Plaintiff is not entitled to attorney's fees incurred in pursuing the appeal; Defendant claims Plaintiff must pursue such a claim before the Eleventh Circuit.

The Eleventh Circuit authorizes district courts to make a reasonable across-the-board reduction in hours where the billing records are voluminous, as they are here, especially when they are filled with vague entries and excessive billing, "instead of engaging in the pick and shovel work necessary to make a more precise determination." *See Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994); *Bujanowski, supra,* at *4 ("a representative sampling of Plaintiff's time entries warrants an across-the-board reduction of thirty percent to the hours billed" due to "numerous instances of block billing and vagueness among the eighty-four time entries, combined with relatively few cases of redundant or inefficient work"). As such, I find that a reduction of the total number of hours submitted (324.26) by 20%. *See generally Blanco v. TransAtlantic Bank*, 2009 WL 2762361, *4 (S.D. Fla. Aug. 31, 2009) (imposing a 20% reduction to the prevailing party's requested fee award due to its attorneys' improper block billing); *Bujanowski v. Kocontes*, 2009 WL1564263, *4 (M.D. Fla. Feb. 2, 2009) (applying an across-the-board paring of the time claim by 30% due to numerous instances of block billing and vagueness in time

records); *Lil Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, *13 (S.D.Fla. July 1, 2008) (across-the-board reduction of 20% due to block billing).

*c. calculating the lodestar*

In light of my findings regarding the reasonable hourly rate, and the reasonable hours expended, I must now compute the lodestar. Although the "lodestar" method effectively replaced the *Johnson* balancing test previously employed in the Eleventh Circuit, courts still consider the twelve factors leftover from the balancing test in determining the lodestar amount. *See James v. Wash Depot Holdings, Inc.,* 489 F.Supp2d 1341 (S.D. Fla. 2007) citing *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).[4] The *Johnson* factors are: time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorney, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Johnson*, 488 F.2d at 717-719. The most important factor to consider is the result obtained. *Hensley*, 461 U.S. at 436. The lodestar must be reduced to reflect when a plaintiff's success or victory are limited. *Norman*, 836 F.2d at 1302, *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579-80 (11th Cir. 1987). Fee awards, however, should not simply be proportionate to the results obtained by a plaintiff. Here, the Plaintiff achieved an excellent result at the summary judgment stage, and

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

looking at the remaining factors, I find that no further reduction is necessary here.

The Defendant argues that this court lacks authority to award attorney's fees for work related to the Defendant's appeal to the Eleventh Circuit Court of Appeal, including preparation of the Plaintiff's appellate brief. However, the case Defendant relies upon, *Common Cause/ Georgia v. Billups,* 554 F.3d 1340, 1356-57 (11th Cir. 2009), is distinguishable for two reasons. First, the circuit court decided *Billups* on the merits; Defendant's appeal here was dismissed for lack of jurisdiction. And irrespective of the forum, the Defendant entered into an agreement with Plaintiff not to dispute entitlement to an award of attorney's fees and costs for the district court and appellate proceedings. *See* docs. 45 (USCA dismissal); 52-1 (parties' agreement). Although the parties' agreement addressed only affirmation or dismissal by the Eleventh Circuit, and did not anticipate the contingency of a dismissal for lack of jurisdiction, it is plain that the parties' intended that the Defendant not dispute entitlement to fees in the event that the appellate court did not reverse this Court's decision.

*Costs*

Plaintiff seeks reimbursement of $2,039.95 in costs. As Defendant notes, however, taxation of costs in ERISA cases is limited to those items enumerated in 28 U.S.C. § 1920. Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828. Costs are only

taxable if supported by back-up documentation.[5] Hence, I find Plaintiff is entitled to recover costs incurred as follows:

| Cost | Amount |
|---|---|
| Filing fee | $350.00 |

While copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable, costs are not recoverable when the reason for copies, quantity, and identification of the documents copied are unknown. Plaintiff failed to itemize or document the costs for copying. Other entries are also unclear: chief financial officer $15.00; CD generation for filing complaint at courthouse $10.83; Choice Express invoice $25.32; multiple entries for postage and long distance telephone costs. In any event, computerized legal research, mediation fees, postage, express mail, and long distance telephone calls are not taxable under § 1920. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding that costs for general copying, computerized legal research, and postage are "clearly nonrecoverable" under §1920); *Scelta v. Delicatessen Support Svcs., Inc.*, 203 F.Supp. 2d 1328, 1339-40 (M.D. Fla. 2002) (holding that long distance telephone calls, couriers, express mail, computerized legal research, and mediation not compensable); *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989) (concluding it could not award the defendants costs for

---

[5] This district requires that a prevailing party file a verified bill of costs with the Clerk (such a form is available on this district's website). The bill of costs form states "SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories."

photocopying since the defendants had not itemized the copies they claimed were necessarily obtained for use in the case and those that were made for the convenience of counsel).

*Conclusion*

For these reasons, I recommend the Plaintiffs be awarded an attorneys' fee in the amount of $73,931.28 ($285/ hour x (324.26 hours reduced by 20%)) and costs in the amount of $350.00.

It is hereby

RECOMMENDED:

1. That Plaintiff's motion for attorney fees and costs (doc 46) be GRANTED to the extent that the Plaintiff is awarded an attorneys' fee in the amount of $73,931.28 ($285/ hour x (324.26 hours reduced by 20%)) and costs in the amount of $350.00.

It is so REPORTED at Tampa, Florida on this 11th day of February, 2010.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).